ORIGINAL

15 MAG 3755

Approved: _____
MAX NICHOLAS
Assistant United States Attorney

Before:   THE HONORABLE ANDREW J. PECK
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :      **COMPLAINT**
                                  :
     - v. -                       :      Violations of
                                  :      21 U.S.C. §§ 812,
JOSEPH ZEOLI,                     :      841(a)(1), 841(b)(1)(A),
                                  :      and 18 U.S.C. § 2
                Defendant.        :
                                  :      COUNTY OF OFFENSE:
                                  :      MANHATTAN
                                  :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   Nicholas DeAmorin, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

COUNT ONE
(Possession with Intent to Distribute a Controlled Substance)

   1.   On or about October 19, 2015, in the Southern District of New York, JOSEPH ZEOLI, the defendant, intentionally and knowingly distributed and possessed with the intent to distribute a controlled substance.

   2.   The controlled substance involved in the offense was 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A).

   (Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A), and Title 18, United States Code, Section 2.)

-1-

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Special Agent with the DEA. I have participated in the investigation of this matter, and I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, and conversations that I have had with other law enforcement agents and individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents, and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my training and experience and my conversations with other law enforcement agents, I am familiar with various types of controlled substances that are often distributed illegally. As relevant to this investigation, I have learned that methamphetamine is a controlled substance.

5. Based on my participation in this investigation and my conversations with other law enforcement officers and others directly involved in the events described below, and my review of court documents, I have learned the following, among other things:

a. On or about October 15, 2015, the Honorable Kevin N. Fox issued a search warrant authorizing law enforcement agents to search a certain apartment in Manhattan, New York (the "Apartment") for methamphetamine, quantities of cash in the amount of $2500 or higher, and scales, packaging, ledgers, and other paraphernalia of narcotics transactions (the "Search Warrant").

b. On or about October 19, 2015, I and other law enforcement agents executed the search warrant at the Apartment. In the course of executing the search, I observed that there were four individuals present in the Apartment at the time of the search. One of these individuals was JOSEPH ZEOLI, the defendant. An individual who lives in the building in which the Apartment is located confirmed to law enforcement that ZEOLI lives in the Apartment. In addition, law enforcement agents have reviewed a lease for the Apartment, and have confirmed that the lease is in ZEOLI's name.

c. During the search, ZEOLI acknowledged that he lives in the Apartment, and that a certain bedroom in the Apartment

(the "Bedroom") in was his bedroom. Pursuant to the Search Warrant, law enforcement agents searched the Bedroom and found a clear plastic bag ~~sitting on~~ a desk. The bag contained a white crystalline substance. Based on my training and experience, I recognized the white crystalline substance in the bag to consist of methamphetamine. I also recognized, based on my training and experience, and on the size of the bag, that the bag contained at least approximately 500 grams of the white crystalline substance consisting of methamphetamine. The substance in the bag was subsequently field-tested by law enforcement, and tested positive for the presence of methamphetamine.

        d. Law enforcement also found approximately $10,000 in cash on the mattress in the Bedroom, and approximately $40,000 inside a box in the Bedroom. Within the box, the approximately $40,000 was in a heat-sealed container. There was a shipping label on top of the box.

        e. Law enforcement also found in the Bedroom a box, approximately the size of a shoebox, containing empty plastic packaging materials. Based on my training and experience, I recognized the packaging materials in the box as materials that are commonly used to package methamphetamine for distribution.

        6. Following the search of the Apartment, JOSEPH ZEOLI, the defendant, was arrested and taken into the custody of law enforcement.

WHEREFORE, deponent respectfully requests that JOSEPH ZEOLI, the defendant, be imprisoned, or bailed, as the case may be.

_____
Nicholas DeAmorin
Special Agent
Drug Enforcement Administration

Sworn to before me this
20th day of October, 2015

_____
THE HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK